﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190531-12950
DATE: December 31, 2019

ORDER

Entitlement to service connection for irregular heartbeat is denied.

Entitlement to service connection for memory loss is denied.

FINDINGS OF FACT

1. The preponderance of the evidence of record is against finding that the Veteran has had an irregular heartbeat disability at any time during the pendency of the claim.

2. The preponderance of the evidence is against finding that the Veteran has had a memory loss disability at any time during the pendency of the claim.

CONCLUSIONS OF LAW

1. The criteria for service connection for an irregular heartbeat have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for memory loss have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran has active service from February 1988 to February 1993. 

This case is before the Board of Veterans’ Appeals (Board) from a March 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The Veteran chose to participate in AMA higher level review in his June 8, 2019 Notice of Disagreement (NOD).

The Veteran requested direct review by the Board. Based on the Veteran's choice to pursue a direct review of his appeal, the Board will decide the appeal "based on the evidence of record at the time of the prior decision." Accordingly, no additionally submitted evidence may be considered. This decision is written consistent with the AMA framework.

Service connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Entitlement to service connection for irregular heartbeat

The Veteran contends that his irregular heart beat is due to exposure to burning oil wells during service (12/06/2018 VA 21-526EZ, Fully Developed Claim, p. 2).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that the Veteran does not have a current diagnosis of an irregular heartbeat and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The January 2019 VA examiner evaluated the Veteran and determined that, while he experienced atrial fibrillation in September 2014, that condition is resolved. The examiner explained that after a severe automobile accident in 2014, the Veteran was diagnosed with paroxysmal atrial fibrillation in the setting of multi-trauma and extensive hospitalization (1/17/2019 C&P Exam, pgs. 1-2). The examiner ultimately opined that the Veteran’s claimed irregular heart beat was a complication of severe multi-trauma and although the Veteran follows up with a cardiologist, he is currently asymptomatic and on no medication, citing to January 2019 EKG results that were normal. 

The examiner noted the Veteran meets voltage criterial for left ventricular hypertrophy, and explained that finding is not unexpected in a man who has physically worked hard for many decades. 

The January 2019 examiner also considered the Veteran’s assertions that he felt irregular heartbeats toward the latter part of his enlistment and would "take a couple of deep breaths and the feeling would go away.” 

The examiner did not associate the Veteran’s lay statements with a heart condition, and with the exception of the September 2014 atrial fibrillation, associated with trauma, that had resolved, the examiner did not find the Veteran had any current heart disability. 

While the Veteran believes he has a current diagnosis of an irregular heartbeat that he felt since service, he is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires specialized medical education/knowledge of the interaction between multiple organ systems in the body and the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the probative evidence in this case is limited to the competent medical evidence of record, indicating the Veteran does not have a current diagnosis of an irregular heartbeat disability.

Given the above, the Veteran’s claim of entitlement to service connection for an irregular heartbeat disability is denied. 

Entitlement to service connection for memory loss

The Veteran contends that his memory loss is due to exposure to burning oil wells during service (12/06/2018 VA 21-526EZ, Fully Developed Claim, p. 2).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has reported mild memory loss (1/10/2019 C&P Exam, p. 4) the preponderance of the evidence is against finding his reported symptoms rise to the level of a current disability. As such, the Board concludes that the Veteran does not have a current diagnosis of memory loss and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The Veteran was afforded a January 2019 Gulf War examination contemplating memory loss as a disability pattern. In that regard, the examiner opined the list of conditions were independent conditions with unrelated etiologies, that are not and should not have been grouped as a disability pattern (1/17/2019 C&P Exam, p. 1). 

The Veteran was also afforded a psychological examination, and his complaints of mood swings, forgetfulness, and sleeplessness were noted. While his mild memory loss was identified as a symptom, the examiner opined the Veteran has no current or recent diagnosis for a mental disorder and explained further that the Veteran's report of mental health symptoms were somewhat vague and variable. 

The examiner opined that the Veteran does not currently meet diagnostic criteria for any other mental disorder (1/10/2019 C&P Exam, pgs. 4-5). No other evidence of record shows current disability. In this regard, while records dated in 2016 show diagnoses of depression and also show that the Veteran was being prescribed medication, including trazadone, for associated symptoms, the file shows no indication of any such treatment from January 2018 onward, when the instant claim was raised. Thus, the fact that the examiner in 2019 did not acknowledge the history of medication is not predecisional error here. 

While the Veteran believes he has a current diagnosis of memory loss he is not competent to provide a diagnosis in this case. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the only probative evidence of record is against the Veteran having a current diagnosis of memory loss. For this reason, the Veteran’s claim of entitlement to service connection memory loss is denied.

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. A. Myers

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.